THE CITY BANK OF NEW ORLEANS *v.* LOUIS A. BARBARIN
and others.

Under the provisions of the act of 5 February, 1842, reviving the charters of the Banks in the city of New Orleans, only the debts due to those institutions at the time of the passage of that act, can be considered as forming a part of their " *dead weight.*" Debts subsequently contracted, though between the date of the passage of the act, and its promulgation, or acceptance by the Banks, are not included in the " *dead weight.*"

The City Bank of New Orleans v. Barbarin and others.

APPEAL from the Commercial Court of New Orleans, *Watts, J. Lockett* and *Micou*, for the plaintiffs.

*Grivot* and *Roselius*, for the appellants. The defendants are entitled to the benefit of the provision of the act of 5 Feb., 1842, relative to the " *dead weight.*" Their debts became the property of the City Bank on the 26 February, 1842, and the act of 1842 was not accepted by the Bank, until the 16 April following. The act of 5 February, is not proved to have been promulgated before the Bank became the owners of the notes sued on. It was not a law until promulgated.

SIMON, J. The defendants are appellants from a judgment which condemns them to pay, *in solido,* the sum of $3340, with interest, being the amount of two promissory notes, regularly protested at maturity.

The defence set up is based upon their alleged right to the benefit of the *dead weight,* as allowed by the third section of an act of the Legislature, approved on the 5th of February, 1842, (Laws of 1842, p. 42,) and upon their right to renew the notes sued on, on their complying with the requisites of said law. They allege that said notes form a part of a series of notes given by them at a sale made by the Commissioners of the United States, of property in this city ; that said notes were in the Citizens' Bank, at the time of the passage of the bank law ; that they were transferred to the City Bank after the 7th of March, 1842 ; and that they remained there until the latter Bank was forced to stop paying specie, in June, 1842, when they were handed over to some pretended holder of the notes, who either had them discounted, or placed for collection in the Bank of Louisiana for the use of the City Bank.

The evidence shows, in substance, that the notes sued on were, with many others resulting from the sale of lots between Canal and Common streets, deposited in the Citizens' Bank, to await the decision of the courts, whether the same belonged to the Second or to the First Municipality of New Orleans ; that they never were discounted in the Citizens' Bank ; that after the determination of the suit, said notes, together with other notes, and the sums which had been collected thereon, were handed over to the Second Municipality ; that the notes sued on were not the property of the

Citizens' Bank, and were received by the Treasurer of the Second Municipality on the 24th of February, 1842; and that, on the 26th of the same month, the same were discounted by the City Bank, and the proceeds thereof passed to the credit of the said Second Municipality.

The law of the 5th of February, 1842, relied on by the defendants' counsel, as entitling them to the privilege of the dead weight, appears to have been passed in reference to the situation of the affairs of the several banks of the State, and to the debts which were due to them, *at the time that it was adopted.* The third section of that act says, in positive terms, that " with a view of enabling the banks effectually to *secure their debts,* it shall be lawful for their respective boards of directors to consider *the whole of the debts due them on the passage of this act,* as forming part of their *dead weight.*" There is no provision in the law referred to, allowing the benefit of the dead weight to the debts which were to be contracted towards the banks subsequent to the passage of the law, and it is clear that, if the notes sued on were not the property of any of the banks at the time that the law relied on was passed, the defendants cannot succeed. Now, it is true the notes sued on were deposited in the Citizens' Bank, at the time of the passage of the bank law; but they were not the property of the said Bank; they were withdrawn from it, and handed over to the Treasurer of the Second Municipality; and it was not until the 26th of February, 1842, posterior to the passage of the law, that said notes were discounted in the City Bank.

It has been urged, that a law does not take effect from its passage, or its approval by the Governor, but from the date of its promulgation, and that it was the duty of the plaintiffs to show that it was promulgated before the day on which the notes were discounted. It was further contended, that, at all events, said plaintiffs were bound to receive the application for the benefit of the dead weight, even if the law had been promulgated immediately after its approval, as the Bank was not bound by it until they accepted it; and as the debt became the property of the plaintiffs prior to the date of acceptance. These propositions cannot, in our opinion, be applied to the question under consideration. Neither the time of the promulgation of a law, passed for a specific object and

in reference thereto, nor the period. at which it is accepted by the persons upon whose rights it is to operate, can in any manner change, alter, destroy, or extend the special purposes for which it was adopted, and the object which the Legislature had in view at the very time that it was passed.   The object of this law was not only to regulate, but also to secure the debts due to the banks in reference to the state of their affairs as then exhibited to the Legislature, and according to the statements, which we may well suppose, were then under the eyes or inspection of the law-maker. For that purpose a " *dead weight*" was created, in which were to be included the whole of the debts then due to the banks, or, as the law says : *the debts due them on the passage of the act*, and in the French text, " *toutes les créances qui leur sont dues au moment de la passation de cet acte* ;" and we are not ready to say that any debts subsequently contracted, were at all in the contemplation of the Legislature when the law was passed, so as to permit the benefit of this law to be extended to debts which were not then in existence.   If such had been the intention of the law-maker, it would have been so expressed ; but as the law stands, the benefit of the dead weight must be limited to the debts due to the banks, *at the time of the passage of the act*, and cannot include those which were contracted afterwards, and not even those which were contracted between the date of the adoption of the law, and that of its promulgation, or acceptance by the banks.

*Judgment affirmed.*